# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JAMES WHITE,

      Plaintiff,

v.                                                                Case No. 8:24-cv-2859-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

      Defendant.

_____

## OPINION AND ORDER[2]

### I.  Status

James White ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of back problems (specifically with his lumbar spine) and an inguinal hernia. Transcript of Administrative Proceedings (Doc. No. 12; "Tr." or "administrative transcript"), filed February 7, 2025, at 63, 68, 313. Plaintiff

---

[1]    Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

protectively filed an application for SSI on June 11, 2021, alleging a disability onset date of April 1, 2020. Tr. at 252-61.[3] The application was denied initially, Tr. at 61, 62, 63-66, 80-83, and upon reconsideration, Tr. at 67, 68-71, 86-87.

On March 28, 2024, an Administrative Law Judge ("ALJ") held a hearing, during which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified. Tr. at 42-60. During the hearing, Plaintiff's counsel recognized Plaintiff had gone back to work in April 2022, so he requested that the ALJ consider a closed period of disability lasting from the alleged onset date through April 2022. Tr. at 45. On April 10, 2024, the ALJ issued a Decision finding Plaintiff not disabled since the date the SSI application was filed. See Tr. at 11-21.[4]

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by his representative. See Tr. at 5-6 (Appeals Council exhibit list and order), 249-50 (request for review), 388-89 (brief). On October 16, 2024, the Appeals Council denied Plaintiff's request for review, Tr.

---

[3] It appears Plaintiff dated his SSI application incorrectly. See Tr. at 261 (dating "11-28-62"). An application summary states Plaintiff applied for SSI on July 21, 2021. Tr. at 269. The protective filing date is listed in the administrative transcript as June 11, 2021. Tr. at 63, 68, 264. The administrative transcript also contains a summary of an application for disability insurance benefits ("DIB") from June 14, 2021, Tr. at 267-68, but that application was denied early in the administrative process because Plaintiff had not worked the required amount of time to be eligible for DIB, see Tr. at 75-77. Only the SSI claim is at issue here.

[4] The administrative transcript also contains various decisions acting on earlier-filed claims for SSI and DIB. Tr. at 93-98. Those decisions are not at issue here.

at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On December 11, 2024, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues the ALJ failed to fully and fairly develop the record, particularly as it relates to the election not to order a psychological consultative examination. Plaintiff's Motion for Summary Judgment with Supporting Memorandum of Law (Doc. No. 17; "Pl.'s Mem."[5]), filed March 19, 2025, at 3-6 (emphasis omitted). On April 15, 2025, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem.") addressing Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal

---

[5]   In this district, social security appeals are decided on briefing, rather than motion practice, see Order (Doc. No. 13), so the motion filed by Plaintiff is construed as Plaintiff's Memorandum.

[6]   "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 13-21. At step one, the ALJ determined Plaintiff "engaged in substantial gainful activity during the following periods: April 2022 through the present." Tr. at 13 (emphasis and citation omitted). "However," continued the ALJ, "there has been a continuous 12-month period during which [Plaintiff] did not engage in substantial gainful activity." Tr. at 14. The ALJ's remaining findings addressed the period in which Plaintiff "did not engage in substantial gainful activity." Tr. at 14.

At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease, lumbar spine." Tr. at 14 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not

- 4 -

have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 15 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform medium work as defined in 20 CFR [§] 416.967(c) with the following limitations: Frequent all the postural limitations including climbing ladders, ropes, or scaffolds, climbing ramp or stairs, balancing, stooping, crouching, kneeling, and crawling.

Tr. at 15 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is capable of performing past relevant work as a flagger." Tr. at 19 (emphasis and citation omitted). The ALJ then made alternative findings at the fifth and final step of the sequential inquiry. After considering Plaintiff's age ("58 years old . . . on the date the application was filed"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are other jobs that exist in significant numbers in the national economy that [Plaintiff] also can perform," Tr. at 20 (citation omitted), such as "warehouse worker," "packager, machine," and "waxer, floors," Tr. at 20 (citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . since June 11, 2021, the date the application was filed." Tr. at 21 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.    Discussion

Plaintiff argues the ALJ erred by failing to fully and fairly develop the record. Pl.'s Mem. at 3-6. According to Plaintiff, the ALJ should have ordered a consultative psychological examination in light of evidence in the administrative transcript "suggest[ing] that [Plaintiff] had a mental impairment" which affected his day-to-day functioning and "may" have required that he need supervision, support and assistance. Id. at 4-5 (citing Tr. at 394). Moreover, Plaintiff contends that the "opinions from the prior claims file and the medical records from the prior claims file should have been obtained."[7] Id. at 5. Finally, Plaintiff points to alleged "missing medical evidence" in the form of an x-ray that was ordered and apparently undertaken but does not appear in the administrative transcript. Id.

Responding, Defendant argues the ALJ did not err with respect to the consultative examination because Plaintiff did not at any point allege a mental disorder as the basis of his disability claim. Def.'s Mem. at 6-7. According to Defendant, the evidence to which Plaintiff now points to support his argument about the mental impairment was actually from a prior claim for benefits (evidence that Plaintiff says is missing from the administrative transcript) and predated the period at issue by almost three years. Id. at 8. Regarding the

---

[7]    As noted previously, Plaintiff, prior to filing the SSI claim at issue, filed claims for DIB and SSI that were denied by the SSA.

allegedly missing x-ray evidence, Defendant contends Plaintiff did not object at the hearing, and Plaintiff cannot show unfairness or clear prejudice by its absence. Id. at 10-13.

"It is well-established that the ALJ has a basic duty to develop a full and fair record." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(d)); see Henry v. Comm'r of Soc. Sec., 802 F.3d 1264, 1267 (11th Cir. 2015) (citing Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995) (per curiam)). This requires an ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." Henry, 802 F.3d at 1267 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)). "Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." Ellison, 355 F.3d at 1276 (citing 20 C.F.R. § 416.912(a), (c)).

While "[t]he [ALJ] has a duty to develop the record where appropriate[,]" the ALJ "is not required to order a consultative examination as long as the record contains sufficient evidence for the [ALJ] to make an informed decision." Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1269 (11th Cir. 2007) (citing Doughty, 245 F.3d at 1281). To remand for failure to develop evidence, the record must contain "evidentiary gaps which result in unfairness or clear prejudice." Henry, 802 F.3d at 1267 (quoting Brown, 44 F.3d at 935).

Here, the ALJ considered sufficient evidence in assessing the RFC. See Tr. at 15-19. The ALJ acknowledged that "[i]n connection with a prior application for benefits, [Plaintiff] underwent examination with consultative examining physician . . . Bhupendra Gupta[, M.D.] in October 2018." Tr. at 16. The ALJ discussed the examining findings in detail, Tr. at 16-17, evidencing that he adequately considered them even though they predated the SSI filing date by almost three years, see Tr. at 391-99.

Plaintiff now points to Dr. Gupta's examination findings to argue the ALJ should have ordered a consultative mental evaluation. See Pl.'s Mem. at 4-5.[8] While the report does discuss a history of anxiety and Plaintiff having bad dreams that cause him to be unable to sleep at night, Tr. at 391, as well as a "mild degree of impairment" as indicated by a mini-mental state exam, Tr. at 394, it also states Plaintiff's mental status was "normal in affect and mood," Tr. at 395. In any event, given the passage of almost three years between this examination and the SSI filing date, its relevance is minimal. And, since Plaintiff did not allege any mental impairments as the basis of his disability or discuss any such allegations at the hearing in which he was represented by counsel, the undersigned cannot say the ALJ erred in electing not to order a

---

[8] Plaintiff does not name Dr. Gupta, but he references "an examination in October 2018" and cites page 394 of the administrative transcript, which contains Dr. Gupta's examination findings.

consultative examination. As for the other allegedly missing evidence, as noted previously, the administrative transcript does contain some evidence from the prior claim, but it was not necessary to include any other evidence pertaining to unrelated claims. Moreover, as for the missing x-ray, Plaintiff recognizes his counsel had a duty as well to gather evidence in support of his claim. Pl.'s Mem. at 5.

Finally, regarding all of the alleged failures on the part of the ALJ in not fully and fairly developing the record, Plaintiff has not demonstrated the required evidentiary gaps resulting in unfairness or clear prejudice. The ALJ did not commit reversible error in evaluating Plaintiff's SSI claim.[9]

## V.    Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

---

[9]    Plaintiff contends he recently filed a new application for benefits, and the SSA as part of that process has ordered that he have a consultative psychological examination. Pl.'s Mem. at 6. But, that process relates to an entirely different time period than the one adjudicated by the ALJ here. In the end, Plaintiff has not shown unfairness or clear prejudice that would warrant a remand on this claim.

2.    The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 27, 2026.

_James R. Klindt_
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record